## CHARLIE MADDOX v. STATE.

No. A-8388. Sept. 9, 1932.
Rehearing Denied Jan. 6, 1933.
(17 Pac. [2d] 526.)

Charlie Maddox, in pro. per.

J. Berry King, Att. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter for convenience referred to as the defendant, was convicted of the crime of shooting at another with intent to kill, and was sentenced to serve a term of seven years in the state penitentiary at McAlester, and appeals.

There is very little conflict in the testimony. The testimony tends to show the defendant in this case had

rented some land to the prosecuting witness, Allen Williams; some controversy arose over the division of the rent; the prosecuting witness, Williams, his father and son, hunted up the defendant, who was in Cloudchief the day of the difficulty; they went to the office of C. G. Kerns, which was located near the gin, and talked over their difference, and called on Mr. Kerns to witness the agreement and left the gin office. When they got on the outside, the testimony further shows, the prosecuting witness Allen Williams knocked the defendant, Maddox, down and was beating him. The defendant called for some one to help him. That Mr. Kerns went to where the prosecuting witness had the defendant down, and asked him not to strike the defendant again. A brother of the defendant came to where the prosecuting witness and defendant were fighting, and pulled Williams off the defendant. Williams started toward the brother. When the defendant got up, he was in a dazed condition and staggered back toward the gin office. When the prosecuting witness started after the brother of defendant, he drew his pistol and fired, believing that the prosecuting witness intended to do great bodily harm or to kill his brother.

All of the witnesses agree that the prosecuting witness started the fight, and that he had the defendant down and beat and kicked him; that the father of the prosecuting witness and a son stood by and objected to anybody interfering; that at the time the defendant fired the shots at the prosecuting witness Williams, he appeared to be staggering around in a dazed condition.

The prosecuting witness denies he was trying to do the brother of the defendant an injury at the time the defendant shot him. This is in substance the testimony.

The defendant tried his own case. No exceptions were saved by the defendant to the instructions of the court or to the introduction of testimony. It is urged by the defendant that the court erred in overruling his motion for a new trial, and that the verdict is not sustained by sufficient evidence, and was the result of passion and prejudice.

The testimony is sufficient to sustain a conviction. Under section 3204, Okla. Statutes 1931, this court is given the authority to modify the judgment appealed from. The testimony in this case clearly shows that the prosecuting witness, his father and son, sought out the defendant, and that Allen Williams provoked the difficulty with the defendant, knocked him down, kicked and bruised him, and that the father and son objected to any one separating the combatants; that, when the brother of the defendant appeared on the scene and got the prosecuting witness off of the defendant, the defendant, while in a dazed condition, drew his pistol and shot at the prosecuting witness Williams. Under the facts as disclosed by the record, the punishment in this case is excessive, and is modified from a term of seven years in the state penitentiary at McAlester to two years, and, as modified, is affirmed.

EDWARDS and CHAPPELL, JJ., concur.